UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------:
HELIOS & MATHESON NORTH            :
AMERICA, INC., f/k/a               :
THE A CONSULTING TEAM, INC.,       :     Crotty, J.
                                   :
                Plaintiff, :     CIV. NO.: 07 CV 3600
                                   :
    -against-                    :
                                   :     **ANSWER**
VEGASOFT OY, A Finnish             :
Corporation,                       :
                                   :
                Defendant. :
------------------------------------------------------------:

Defendant, Vegasoft OY, a Finnish Corporation ("Defendant"), by and through its undersigned counsel, as and for its Answer to the Verified Complaint (the "Complaint") of the plaintiff, Helios & Matheson North America, Inc., f/k/a The A Consulting Team, Inc. ("Plaintiff"), respectfully alleges as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Admits the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Admits that on or about September 18, 2002, Defendant and the A Consulting Team, Inc. entered into a Distributor Agreement (the "Agreement") as alleged in paragraph 3 of the Complaint, and respectfully refers the Court to the Agreement for its terms and legal meanings.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Neither admits nor denies the allegations contained in paragraph 5 of the Complaint concerning the terms of Plaintiff's contracts with the CLIENTS, and respectfully

#1200287 v1

refers the Court to the various written contracts referred to therein for their terms and legal meanings, except admits that Plaintiff entered into written contracts with CLIENTS of Plaintiff.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Defendant advised Plaintiff in writing that it was terminating the Agreement as alleged in paragraph 6 of the Complaint, and respectfully refers the Court to said written notice for its terms and legal meanings.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Admits that Defendant sent e-mails to some of the CLIENTS, and respectfully refers the Court to the e-mails referred to therein for their terms and legal meanings.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

11. Repeats and realleges its responses to the paragraphs referred to in paragraph 11 as if fully set forth herein.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

14. Repeats and realleges its responses to the paragraphs referred to in paragraph 14 as if fully set forth herein.

15. Admits the allegation contained in paragraph 15 of the Complaint that Defendant had no direct contractual relation with Plaintiff's CLIENTS at the time the Complaint was filed.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

19. Repeats and realleges its responses to the paragraphs referred to in paragraph 19 as if fully set forth herein.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. In or about September of 2002, Defendant entered into a written Distributor Agreement (the "Distributor Agreement") with Plaintiff, pursuant to which Plaintiff was granted the exclusive right to market and license Defendant's proprietary computer software (the "Software") to third-parties (the "Licensed Users") in a territory comprised of the United States, Canada, Venezuela and Israel.

25. Section 18 of the Distributor Agreement allows either party to terminate the Agreement without cause on ninety (90) days written notice.

26. Plaintiff licensed copies of the Software to Licensed Users in Plaintiff's sales territory pursuant to written Software License Agreements.

27. On February 9, 2007, Defendant sent a written notice to Plaintiff terminating the Distributor Agreement that was effective on May 10, 2007 (the "Termination Date").

28. Vegasoft contacted certain of the Licensed Users regarding the renewal of their Software License Agreements.

29. The statements made by Vegasoft to the Licensed Users regarding the renewal of their Software Licenses were true, and were made without malice and without intent to unlawfully injure Plaintiff.

30. Vegasoft had and has an existing economic interest in licensing the Software to the Licensed Users which it was and is privileged to protect.

31. By reason of the above, this action does not lie against Vegasoft.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. Upon information and belief, some or all of the Software License Agreements are terminable at will.

33. Plaintiff cannot state a claim for tortious interference with existing contractual relations as to Software License Agreements that are terminable at will.

**WHEREFORE**, defendant Vegasoft OY demands judgment dismissing the Verified Complaint, and awarding judgment in favor of Defendant, together with its attorney's fees, costs, and disbursements, and such other and further relief as to this Court is just and proper.

Dated:   New York, New York
         June 19, 2007

                                              SILLS CUMMIS EPSTEIN & GROSS, P.C.
                                              Attorneys for Defendant

                                              By: /s/ John Carlson
                                                    John Carlson (JC8183)
                                                    Marc S. Friedman (MF8192)
                                              One Rockefeller Plaza
                                              New York, New York  10020
                                              (212) 643-7000

To:

STEPHEN H. GERSOWITZ, ESQ.
Attorney for the Plaintiff
14 Wall Street, 19th Flr.
New York, New York  10005
(212) 422-8498