UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HELIOS & MATHESON NORTH AMERICA, INC.,
f/k/a The A Consulting Team, Inc.,

         Plaintiff,

-against-

VEGASOFT OY, a Finnish Corporation.,

         Defendant.
-------------------------------------------------------------------X

ECF
Crotty, J.
CIV. NO.: 07CV3600

REPLY TO
COUNTERCLAIMS

Plaintiff, Helios & Matheson North America, Inc. f/k/a The A Consulting Team, Inc., ("HMNA") by its undersigned counsel, as and for its Reply in response to Counterclaims of the defendant, Vegasoft Oy ("Vegasoft"), respectfully alleges as follows:

<u>ANSWERING THE FIRST COUNTERCLAIM</u>

1. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in par. 34.

2. Denies the allegations of par. 35 of the Counterclaim except admits that HMNA is a domestic corporation with offices located at 200 Park Avenue South, New York, NY and leaves Vegasoft to its proofs as to the nature and extent of HMNA's business activities.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in par. 36.

4. Denies the allegations of par. 37 except admits that HMNA and Vegasoft entered into two written distributorship agreements and respectfully refers to the Distributor Agreements for the terms and conditions set forth therein.

5. Denies the allegations of par. 38 but respectfully refers to the Distributor Agreement for the terms and conditions set forth therein.

6. Denies the allegations of par. 39 except respectfully refers to the Distributor Agreement for the terms and conditions set forth therein.

7. Admits the allegations of par. 40.

8. Admits the allegations of par. 41.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par. 42 but respectfully refers to HMNA's Form 10-Q for the period ended September, 2003 for the language set forth therein.

10. Denies the allegations of par. 43.

11. Denies the allegations of par. 44.

12. Denies the allegations of par. 45.

13. Denies the allegations of par. 46.

14. Admits the allegations of par. 47.

15. Denies the allegations of par. 48.

16. Denies the allegations of par. 49.

17. Denies the allegations of par. 50.

18. Denies the allegations of par. 51.

19. Denies the allegations of par. 52.

## ANSWERING THE SECOND COUNTERCLAIM

20. Repeats and realleges its responses to the paragraphs referred to in paragraph 53 as if fully set forth herein.

21. Denies the allegations in par. 54.

22. Denies the allegations in par. 55.

23. Denies the allegations in par. 56.

24. Denies the allegations in par. 57.

25. Denies the allegations in par. 58.

26. Denies the allegations in par. 59.

27. Denies the allegations in par. 60.

## ANSWERING THE THIRD COUNTERCLAIM

28. Repeats and realleges its responses to the paragraphs referred to in paragraph 61 as if fully set forth herein.

29. Denies the allegations in par. 62.

30. Denies the allegations in par. 63.

31. Denies the allegations in par. 64.

32. Denies the allegations in par. 65.

33. Denies the allegations in par. 66.

34. Denies the allegations in par. 67.

35. Denies the allegations in par. 68.

36. Denies the allegations in par. 69.

37. Denies the allegations in par. 70.

## ANSWERING THE FOURTH COUNTERCLAIM

38. Repeats and realleges its responses to the paragraphs referred to in paragraph 71 as if fully set forth herein.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in par. 72.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in par. 73.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in par. 74.

42. Denies the allegations of par. 75.

43. Denies the allegations of par. 76.

ANSWERING THE FIFTH COUNTERCLAIM

44. Repeats and realleges its responses to the paragraphs referred to in paragraph 77 as if fully set forth herein.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par.78 and respectfully refers to the Distributor Agreement and policy and procedure in the industry.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par. 79, except admits that some Licensed Users created disaster recovery sites to use as backup sites in case of emergency.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par. 80, except admits that HMNA did not invoice Licensed Users for disaster recovery sites.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par. 81.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of par. 82.

50. Denies the allegations in par. 83.

51. Denies the allegations in par. 84.

52. Denies the allegations in par. 85.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The Counterclaims fail to state facts sufficient to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. The Counterclaims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. The Counterclaims are barred by the fraudulent actions of Vegasoft in adding terms to the Distributor Agreement of September, 2002 without the knowledge and/or consent of HMNA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. The Counterclaims are barred by the doctrine of "unclean hands" due to the actions of Vegasoft in adding terms to the Distributor Agreement of September, 2002, without the knowledge and/or consent of HMNA.

WHEREFORE, plaintiff, Helios & Matheson North America, Inc. f/k/a The A Consulting Team, Inc., demands judgment against the defendant, Vegasoft Oy, as follows:

(a) Dismissing the Counterclaims and awarding judgment in favor of Plaintiff together with its attorney's fees and expenses, costs and disbursements; and

(b) Awarding the Plaintiff such other and further relief as to the Court seems just and proper.

Dated: New York, NY
       July 30, 2007

                                              STEPHEN H. GERSOWITZ (4091)
                                              Attorney for Plaintiff
                                              14 Wall Street, 19th Flr.
                                              New York, NY 10005
                                              (212) 422-8498

To:
SILLS CUMMIS EPSTEIN & GROSS, P.C.
John Carlson, Of Counsel
Attorneys for Defendant
One Rockefeller Plaza
New York, NY 10020
(212) 643-7000